NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1124

BAKER HUGHES INCORPORATED and
BAKER PETROLITE CORPORATION,

Plaintiffs-Appellees,

v.

NALCO COMPANY,

Defendant-Appellant.

Appeal from the United States District Court for the Southern District of Texas
in case no. 09-CV-1885, Judge Kenneth M. Hoyt.

ON MOTION

Before MAYER, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

## ORDER

Nalco Company moves for a stay, pending appeal, of the preliminary injunction issued by the United States District Court for the Southern District of Texas. Baker Hughes, Inc. et al. (Baker Hughes) oppose. Nalco replies.

Baker Hughes sued Nalco for infringement of its patent, related to a method for removing or transferring metals and/or amines from a hydrocarbon such as crude oil during the desalting process. Baker Hughes sought a preliminary injunction. The district court granted a preliminary injunction, determining that Baker Hughes had established a likelihood of success on the merits of its patent infringement claim, that

Baker Hughes had shown it would be irreparably injured absent the injunction, and that the balance of hardships favored Baker Hughes.

Nalco appeals the order granting the preliminary injunction and moves to stay the injunction pending disposition of its appeal by this court. To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

Based upon the papers submitted, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that Nalco has not established the requisite likelihood of succeeding on the merits, or that the harms weigh in its favor, and thus has not met its burden to obtain a stay, pending appeal.* In a previous single-judge order, we denied Nalco's motion to expedite the briefing schedule, noting that Nalco could file its briefs early to expedite the case. Although we determine that Nalco has not met its burden of establishing the requisite likelihood of success in its motions

---

* We also note that Nalco failed to first file a motion for a stay in the district court, as required by Fed. R. App. P. 8(a). The rule requires that a movant "must ordinarily move first in the district court" for a stay of an injunction, unless the movant establishes that moving first in the district court would be impracticable. Nalco asserts that it would be impracticable to file the motion with the district court, considering the district court's "continued misapplication of fundamental patent laws and traditional principles of equity." That a party believes the district court erred does not establish impracticability. Arguably, every appellant likely believes that the trial court erred. Thus, we would also deny the motion on the additional ground that Nalco failed to comply with the requirements of Rule 8(a).

papers, because Nalco has raised a significant issue, we now sua sponte expedite the briefing schedule.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion is denied.  This court's temporary stay of the injunction is lifted.

(2)    Nalco's opening brief is due within 10 days of the date of filing of this order.  Baker Hughes' brief is due within 20 days of service of Nalco's opening brief. Nalco's reply brief and the joint appendix are due within 5 days of service of Baker Hughes' brief.  The case will be placed on the May 2010 calendar.  The parties should use expedited methods of service.

FOR THE COURT

FEB 0 1 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:    Warren W. Harris, Esq.
       Michael J. Abernathy, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 1 2010

JAN HORBALY
CLERK

2010-1124                                    - 3 -